THE KING *vs.* WILLIAM JOE and KALAWAIA.

EXCEPTIONS.

HEARING, JULY 16, 1891.   DECISION, AUGUST 26, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.   McCULLY, J., ABSENT.

(1) The Court will not consider the constitutionality of a law unless its repugnancy to the Constitution is pointed out by counsel.

(2) Where the defendants are charged, under Chapter 40 of the Laws of 1886, with being by night without lawful excuse in an enclosed premises, it is not necessary for the prosecution to show that they are vagrants and have no visible means of subsistence.

(3) The evidence sustains the charge.

OPINION OF THE COURT, BY JUDD, C.J.

The defendants were at the last term of this Court convicted by the jury, on their appeal, on a charge of violating Chapter 40 of the Laws of 1886, by being found by night without lawful excuse in or upon the enclosed yard or houses of the Kapiolani Home in Honolulu. At the close of the case for the prosecution, the defendants' counsel moved the Court to discharge the defendants on the following grounds :

(1) That the law under which the defendants are charged is unconstitutional.

(2) That there is no evidence that either or both of the defendants are vagrants, or that either or both of them have no visible means of subsistence within the meaning of the law.

(3) That the facts are not sufficient to bring the case within the charge.

This motion was denied, and the question brought to us by the bill of exceptions is whether it should have been granted.

The second ground for the motion to discharge the defendants is fully covered and disposed of by our opinion in this case decided February 10, 1891. We held that the statute in

question (Chapter 40 of the Laws of 1886) adds to the previous law, Chapter 37, Penal Code (which punishes vagrants), several offenses which are acts, such as soliciting alms, subscriptions or contributions under false pretenses, or entering by night without lawful excuse a dwelling house, warehouse, outhouse or enclosed yard, etc. We said, "Vagrancy being a status rather than an act, a person found guilty of the last mentioned offenses, and punished therefor, is not thereby convicted of vagrancy, even though the two classes of offenses are defined in the same act and punished with the same penalties." *Ante*, page 200.

On the first ground, that the Act in question is unconstitutional, counsel for defense having failed to file any brief, we are left to conjecture the grounds upon which this Act may be attacked. It is not for the Court to proceed to the discussion of so serious a matter as the constitutionality of a law, unless its repugnancy to the Constitution is pointed out by counsel. For this reason we pass the point by.

In answer to the third point, we find that the evidence was conclusive that the defendants were found by night on the enclosed premises of the Kapiolani Home in Honolulu for children of leprous parents, and that no lawful excuse therefor was shown by them. We therefore overrule the exceptions.

*Deputy Attorney-General Creighton*, for the Crown.

*A. Rosa* and *J. L. Kaulukou*, for defendants.