FAUSTA GUNZAGA *v.* KAIWIKI SUGAR COM-
PANY, LIMITED.

No. 1599.

ERROR TO CIRCUIT COURT FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED APRIL 3, 1925.                    DECIDED MAY 7, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

*Per Curiam.* This is an action instituted in the circuit
court of the fourth circuit for damages suffered · by the
plaintiff by reason of the death of her husband, the alle-
gation being that the decedent's death was caused by the
negligence of the defendant who was the employer of the
decedent. A plea in bar setting up that the cause of
action was within the sole jurisdiction of the industrial
accident board under the Workmen's Compensation Act
of this Territory was sustained. The case comes to this
court on a writ of error, the errors assigned relating to
rulings upon evidence and to the sustaining of the plea.

Under the assignment that the plea was incorrectly sus-
tained, · the point is made that the Workmen's Compensa-
tion Act is unconstitutional, on the ground that it is "a
compulsory Act depriving the right, liberty and equity of
a workman, and protecting the employer or master to the
exclusion of the workman or servant" and that it is
"unreasonable, arbitrary and oppressive and contrary to
the fourth clause of the Fifth Amendment to the Consti-
tution of the United States" and that the maximum of
five thousand dollars damages allowed by the terms of the
Act "is insufficient to support the widow and four chil-
dren for the remainder of the minority of the children"
and is "unreasonably low." Neither in the oral argument

nor in the briefs has anything been advanced by the plaintiff which can properly be regarded as an argument, based either upon reason or upon authority, in support of the contention of unconstitutionality. "Every presumption is in favor of the constitutionality of Acts of the legislature." *Bishop* v. *Judd,* 4 Haw. 29, 35, 36. "Before courts will exercise the high power of declaring a statute unconstitutional and so set aside the will of the supreme law-making power, it must appear that such Act is clearly in contravention of the fundamental law." Ib., 35. "It is not for the court to proceed to the discussion of so serious a matter as the constitutionality of a law, unless its repugnancy to the Constitution is pointed out by counsel." *The King* v. *William Joe,* 8 Haw. 287, 288. "A court may properly decline to pass on a constitutional question in the absence of argument, and it is sometimes said that the court will not do so except on the fullest argument. 12 C. J. 786.

All of the assignments of error have been considered.

The judgment is affirmed.

*J. S. Ferry* for plaintiff in error.

*H. Edmondson* for defendant in error.