603 F.Supp. 1456 (1984)
Daisy HARRISON, Plaintiff,
v.
REED RUBBER COMPANY, INC., Defendant.
No. 83-0922C(3).
United States District Court, E.D. Missouri, E.D.
September 4, 1984.
Nancy M. Watkins, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for plaintiff.
Amy S. Rubin, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on defendant's August 16, 1984, motion for summary judgment. Plaintiff's response was filed on August 31, 1984.
Jurisdiction in this case is based on 42 U.S.C. § 2000e, et seq., as to Count I, which charges defendant with sexual discrimination in employment. Plaintiff also charges defendant with assault and battery (Count II), negligent infliction of emotional distress (Count III), and intentional infliction of emotional distress (Count IV); the Court has exercised pendent jurisdiction as to these claims.
In her amended complaint, plaintiff alleges that she was hired by defendant as a warehouse worker, and was promoted to the position of supervisor in March of 1980. Beginning in June of 1981, she was subjected to sexual harassment by a male employee, despite her efforts to terminate his attention and despite her requests to defendant to take appropriate action. As a result of defendant's failure to take appropriate action, plaintiff alleges, she was eventually demoted to another position.
Defendant argues that Counts II, III, and IV are barred by Mo.Rev.Stat. § 287.120, which allegedly provides plaintiff's exclusive remedy. As noted in Todd v. Goostree, 493 S.W.2d 411, 416 (Mo.App.1973), Missouri Compensation Law "does not supplement the common law but is wholly substitutional in character and creates entirely new rights and remedies." Here, the injuries complained of occurred at plaintiff's place of employment and arose out of and in the scope of plaintiff's employment. See Zahn v. Associated Dry Goods Corp., 655 S.W.2d 769, 772 (Mo.App.1983). Based upon the record, the Court finds that Missouri Compensation Law excludes this action. See Hollrah v. Freidrich, 634 S.W.2d 221, 223 (Mo.App.1982).
As to Count I, the Court rejects defendant's argument of collateral estoppel based on the unappealed administrative decision that plaintiff had no compelling reason to leave her work and that she did not leave with good cause attributable to her work or to her employer. The issues raised in this employment discrimination suit are not identical to the matters determined by the Labor and Industrial Relations Commission. *1457 Accordingly, defendant cannot prevail on its motion.