**Melanie LUI, Plaintiff,**

v.

**INTERCONTINENTAL HOTELS CORPORATION (HAWAII), et al., Defendants.**

**No. Civ. 85–0851.**

United States District Court, D. Hawaii.

April 7, 1986.

---

James Krueger, Steven Frei, Wailuku, Maui, for plaintiff.

Robert Katz, Jamie Chuck, Gregory Sato, Honolulu, Hawaii, for defendants.

## MEMORANDUM AND ORDER

PATEL, District Judge.

Plaintiff, a former employee of the Hotel Inter-Continental Maui, alleges that the hotel's general manager, defendant Richter, "committed multiple sexual assaults and batteries upon Plaintiff and subjected her to sexual harassment during Plaintiff's working hours." As a result, she says, she was forced to resign her job. Plaintiff failed to file a complaint with the Department of Labor and Industrial Relations within the ninety days specified by Hawaii's employment discrimination law, Hawaii Rev.Stat. § 378–4. In a complaint filed in state court and removed to this court, plaintiff does not plead under that statute but instead alleges common law counts of sexual assault and battery, emotional distress, negligent hiring and constructive discharge. Defendant moves to dismiss.

Defendant argues that ch. 378 constitutes the exclusive remedy for sexual harassment. It bases its argument primarily on the breadth of ch. 378, which bars employment discrimination "because of race, sex, age, religion, color, ancestry, physical handicap, marital status, or arrest and court record." Hawaii Rev.Stat. § 378–2(1). It further notes that administrative regulations promulgated pursuant to the statute specifically prohibit "[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or visual forms of harassment of a sexual nature." Rule 12–23–59(a).

However, breadth is not the same as exclusivity. Even if ch. 378 encompasses all the actions on which the common law claims are based, it does not necessarily make the common law claims unavailable in addition to the statutory remedy. The only language in the statute that defendant points to as evidence of exclusivity states, "The Department *shall* have jurisdiction over the subject of discriminatory practices made unlawful by this part." Hawaii Rev. Stat. § 378–4(a) (emphasis added). The word "exclusive" is noticeably absent from that sentence. It merely states that the Department has jurisdiction over the statutory claims; it does not say that common law claims no longer exist after the enactment of the statute. In fact, the statute at another location says, "Nothing in this part

shall be deemed to ... [r]epeal or affect any law or ordinance or government rule or regulation having the force and effect of law...." *Id.*, § 378–3. While that language does not specifically refer to common law, in the absence of other language to the contrary it suggests that ch. 378 was intended to provide remedies for employment discrimination beyond those that already existed, not at the expense of those that already existed.

Plaintiff cites two cases to further bolster this conclusion. They are not as helpful as plaintiff would like. Although they allowed pendent common law counts to stand beside employment discrimination counts, they did so without discussion and make no mention of the issue raised here. *Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524 (11th Cir.1983) (trial court found liability for sexual harassment, but no damages under Title VII; $10 nominal damages were allowed for the common law battery claim); *Pryor v. United States Gypsum Co.*, 585 F.Supp. 311 (W.D.Mo. 1984).

Authority not cited by either party supports the conclusion that 42 U.S.C. § 2000e et seq. (Civil Rights Act of 1964), upon which both parties concede the Hawaii statute is modeled, does not provide an exclusive remedy.

> [L]egislative enactments in this area have long evinced a general intent to accord parallel or overlapping remedies against discrimination.... Moreover, the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination.

*Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49, 94 S.Ct. 1011, 1019–20, 39 L.Ed.2d 147 (1974) (footnotes omitted). In a footnote, the Court noted that "the Senate defeated an amendment which would have made Title VII the exclusive federal remedy for most unlawful employment practices." *Id.* at 48 n. 9, 94 S.Ct. at 1019–1020 n. 9 (citing 110 Cong.Rec. 7207 (1964)). *See also Dickinson v. Chrysler Corp.*, 456 F.Supp. 43, 45 (E.D.Mich.1978) ("An entire panoply of remedies is available to the individual who claims employment discrimination").

Title VII does not displace other statutory remedies protecting workers from injuries sustained in the work place such as workers' compensation laws. Defendant argues that Hawaii's workers' compensation law, Hawaii Rev.Stat. ch. 386, is plaintiff's exclusive remedy for assault and battery.

The workers' compensation argument turns on the question of whether the statutory scheme was meant to encompass the intentional tort alleged here. The general rule under Hawaii law is that "[a]n injury or death is said to arise in the course of employment when it takes place within the period of the employment, at place [sic] where the employee may reasonably be, and while he is fulfilling his duties or engaged in doing something incidental thereto." *Survivors of Timothy Freitas v. Pacific Contractors Co.*, 1 Haw.App. 77, 86, 613 P.2d 927 (1980) (citing 1 Larson 4–1 *Law of Workmen's Compensation*, § 14.-00 (1980); *Silva v. Kaiwiki Mill Co.*, 24 Hawaii 324 (1918). *Silva* pointed out the importance of the statutory language requiring that the injury arise "out of and in the course of" employment.

> The words "out of" involve the idea that the accident is in some manner due to the employment.... [T]here must be a causal connection between the conditions under which the employee worked and the resulting injury. While the appearance need not have been foreseen or anticipated it must appear after the event to have its origin in a risk connected with the employment and to have flowed from that source as a rational consequence.

*Id.* at 328. Under this rationale, it is hard to imagine that a sexual assault committed

by one's superior is a risk connected with one's job.

The parties cite conflicting case law from Missouri which, of course, is relevant to Hawaii law only to the extent it is persuasive. The Western District of Missouri conducted an analysis similar to the foregoing and arrived at the conclusion that it was "simply not prepared to say that a female who goes to work in what is apparently a predominantly male workplace should reasonably expect sexual harassment as part of her job, so as to bring any such injuries under the Workers' Compensation Law." *Pryor v. United States Gypsum Co.*, 585 F.Supp. 311, 316 (W.D.Mo. 1984). The Eastern District of Missouri, in a one-page opinion with little discussion, relied on state law to conclude that pendent assault and battery and emotional distress claims apparently arising out of the sexual harassment were precluded by Missouri workers' compensation law because they "occurred at plaintiff's place of employment and arose out of and in the scope of plaintiff's employment." *Harrison v. Reed Rubber Co.*, 603 F.Supp. 1456 (E.D.Mo. 1984). *Harrison* cited two Missouri cases. One did not involve a sexual harassment claim. *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769 (Mo.App.1983). The other did, but reversed a trial court order dismissing common law counts as precluded by the workers' compensation statute. *Hollrah v. Friedrich*, 634 S.W.2d 221 (Mo. App.1982). Thus, given the lack of discussion in *Harrison*, it is difficult to see how the Eastern District arrived at its conclusion.

Defendant argues that Hawaii workers' compensation law is more liberal, citing several decisions of the Labor and Industrial Relations Appeals Board. In *Ronquillio v. City and County of Honolulu*, No. AB 69–25 (Sept. 4, 1970), a firefighter was assaulted without warning by a fellow firefighter at work. The Board held that the claimant "had less reason to expect an unprovoked attack from a fellow firefighter than he would have had he been off duty as a member of the general public walking on the public street, and he was less prepared to defend himself." *Id., slip op.* at 2. "Therefore, although the assault was privately motivated and unrelated to Claimant's employment, we find that the employment environment increased the risk of injury to Claimant in that it exaggerated the element of surprise to Claimant and sharply reduced his ability to protect himself." *Id.* at 3 (citing Larson, *Workmen's Compensation Law* § 11.23).

This position appears to be at odds with the Supreme Court's requirement in *Silva* that the accident be "in some manner due to the employment." 24 Hawaii at 328. Later Board decisions, also cited by defendant, back away from the stance. *Edmundson v. Colwats Enterprises*, No. AB 75–55 (Apr. 6, 1977), *slip op.* at 3, cites *Ronquillio* and then adds, quoting Larson, "Apart from any environmental risk, causal connection with the employment may be shown by connecting with the employment the subject matter of the dispute leading to the accident." In another case the Board, again quoting Larson, said, "It is settled that assaults arise out of the employment if the reason for the assault was a quarrel having its origin in the work." *Mueller v. Rovens Construction Co.*, No. AB 79–362(K) (Jan. 28, 1982), *slip op.* at 3. Quoting a recent opinion of the Hawaii Supreme Court, it reiterated that "if injury can be said to be causally related with any incident or condition of employment, then it is deemed to arise out of and in the course of employment." *Id.* (citing *Chung v. Animal Clinic*, 63 Hawaii 642, 636 P.2d 721 (1981).

■ However decisions of the Hawaii Supreme Court characterize the *Silva* line of cases as the early, traditional approach, and adopt a more liberal "unitary" approach. Under the unitary approach, injury falls under workers' compensation if it "reasonably appears to have flowed from the conditions under which the employee is required to work." *Chung v. Animal Clinic, Inc.*, 63 Hawaii at 648–49, 636 P.2d 721. The Court quoted language from an earlier opinion suggesting that only a tenu-

ous connection to work is required: "The only consideration should have been whether the attack in fact was aggravated or accelerated by his work activity." *Id.* at 649, 636 P.2d 721 (quoting *Akamine v. Hawaiian Packing & Crating Co.,* 53 Hawaii 406, 413, 495 P.2d 1164, 1169 (1972)). "Under our workers' compensation statute, the slightest aggravation or acceleration of an injury by the employment activity mandates compensation...." *Chung,* 63 Hawaii at 649, 636 P.2d 721 (quoting *DeFries v. Association of Owners,* 57 Hawaii 296, 308, 555 P.2d 855, 862 (1976)). On that basis, the Court upheld a decision of the Labor and Industrial Relations Appeal Board that an employee's heart attack while jogging off-hours away from the work site was aggravated by the stress of the work. It is consistent with this liberal unitary approach to provide coverage under workers' compensation where the employee has suffered assault or battery at the hands of her supervisor during her working hours. Although the result in this case may fall harshly upon the employee because her claims are barred by the statute of limitations, the broader policy accomplishes the beneficial purposes of workers' compensation law. The employer is held strictly liable for misconduct in the work place and the employee has an efficient, economical remedy.

■ Plaintiff's constructive discharge claim is also barred. Hawaii recognizes a "public policy" exception to the doctrine of employment at will. *Parnar v. Americana Hotels, Inc.,* 65 Hawaii 370, 652 P.2d 625 (1982). However, the public policy plaintiff advances is Hawaii Rev.Stat. ch. 378, the employment discrimination statute. Where the policy is one created by statute, the statutory remedy is exclusive. *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367, 1373–75 (9th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985). Chapter 378 expresses the public policy upon which plaintiff relies; it also has a statute of limitations and a departmental procedure with which plaintiff has not complied. The constructive discharge claim must therefore be dismissed.

For the reasons set forth above,

IT IS ORDERED that defendant's motion to dismiss be and is hereby GRANTED.