**Wallace Wayne HOWARD, Plaintiff,**

v.

**DAIICHIYA–LOVE'S BAKERY, INC., Defendant.**

Civ. No. 89–00078 DAE.

United States District Court, D. Hawaii.

June 9, 1989.

Collin K.C. Lau and Gilbert C. Doles, Honolulu, Hawaii, for plaintiff.

Jared H. Jossem and John L. Knorek, Torkildson, Katz, Jossem, Fonseca, Jaffe & Moore, Honolulu, Hawaii, for defendant.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

DAVID A. EZRA, District Judge.

## I. BACKGROUND

Wallace Wayne Howard (plaintiff) brought this action against Daiichiya–Love's Bakery, Inc. (defendant) seeking damages for defendant's alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. section 621 *et seq.* Jurisdiction is vested in this court under 29

U.S.C. section 626 and 28 U.S.C. section 1331.

In 1962, plaintiff was first employed by Continental Bakery Co. and was transferred to Love's Bakery, owned by Continental Bakery Co., as assistant production superintendent in 1967. Plaintiff was promoted to production superintendent in 1972 but was reassigned to assistant production superintendent in 1978. Plaintiff was again promoted to production superintendent in 1982. The First Baking Co. of Japan bought Love's Bakery in 1981 and changed its name to Daiichiya–Love's Bakery, Inc.

Plaintiff, age 53 at the time, was removed from his position as production superintendent on July 10, 1987 by defendant's president, Tom Meehan. At the time, Meehan gave plaintiff the option of resigning or accepting an assistant's position with a reduction in salary. Plaintiff chose to resign.

Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on November 16, 1987 claiming that he was constructively discharged because of his age. By a LETTER OF VIOLATION dated October 26, 1988, the EEOC found that:

> [Plaintiff's] working conditions were so adverse that a reasonable person would not continue to subject himself to the situation any longer; therefore, [plaintiff] was forced to quit his job.
> ... [Plaintiff] was demoted and constructively discharged because of his age (53).....

Plaintiff filed this action on February 1, 1989 against defendant seeking damages which resulted from his alleged "constructive discharge." On February 27, 1989, EEOC also filed suit in this court seeking relief on behalf of plaintiff and another employee of defendant, Vernon Kim. *EEOC v. Daiichiya–Love's Bakery,* Civil No. 89–00139 HMF.

Defendant has moved this court to dismiss plaintiff's complaint for failure to state a cause of action pursuant to Fed.R. Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed.R.Civ. P. 56 on the following grounds:

(1) Plaintiff's individual right to file suit terminated with the "nearly contemporaneous" filing of the EEOC action;

(2) Plaintiff voluntarily quit his job and as a matter of law was not "constructively discharged;"

(3) 29 U.S.C. section 626 (Age Discrimination in Employment Act) provides exclusive remedies and precludes a separate public policy tort claim;

(4) Plaintiff's claims for emotional distress are not actionable because: a) the facts do not allege "outrageous conduct;" or b) they are preempted by Hawaii Rev. Stat. section 386–5; and

(5) Plaintiff's defamation claim lacks sufficient factual basis as a matter of law.

Hearing was held on defendant's motions on May 22, 1989. This court holds as follows:

## II. APPLICABLE LEGAL STANDARD FOR DEFENDANT'S MOTIONS

Because the defendant's motion to dismiss is based upon Fed.R.Civ.P. 12(b)(6) and "matters outside the pleading are presented to and not excluded by this court, defendant's motion to dismiss shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Fed.R.Civ.P. 12(b).

Fed.R.Civ.P. 56(c) provides for summary judgment when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party has the initial burden of "identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issue of material fact." *T.W. Electrical Services, Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

If the moving party meets this burden, then the opposing party may not defeat a motion for summary judgment absent any significant probative evidence tending to support his claim. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on his pleadings, nor can he simply assert that he will be able to discredit the moving party's evidence at trial. *See T.W. Elec., supra.*

When the "evidence" produced by each side conflicts, "the judge must assume the truth of the evidence set forth by the opposing party with respect to that fact." Inferences must be drawn in the light most favorable to the opposing party from the underlying facts, disputed and undisputed alike. *T.W. Elec.*, 809 F.2d at 631.

## III. DECISION OF THE COURT

### *This Action Is Not Barred By The Subsequent Filing By The EEOC Of Its Separate Suit*

■ Preliminarily, it should be noted that plaintiff has properly alleged each of the elements of age discrimination in violation of 29 U.S.C. section 621 *et seq.* (ADEA). They are:

(a) plaintiff (age 53 at the time of defendant's actions) belonged to a protected class (individuals over 40 years of age);

(b) plaintiff was qualified for his position;

(c) plaintiff was demoted, dismissed or constructively discharged; and,

(d) plaintiff was replaced by a younger person (age 39) which permits the inference of age discrimination. *Foster v. Arcata Assoc., Inc.*, 772 F.2d 1453 (9th Cir.1985), *cert. denied*, 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986); *Kelly v. American Standard, Inc.*, 640 F.2d 974, 979 (9th Cir. 1981).

As indicated above, plaintiff filed this action on February 1, 1989. The EEOC filed its action in this court under 29 U.S.C. section 621 *et seq.* on February 27, 1989. The defendant alleges the filing of the second suit by the EEOC automatically terminated plaintiff's right to continue his independent action.

However, plaintiff's action was filed *prior* to the EEOC suit, and therefore 29 U.S.C. section 626(c)(1)[1] does not preclude plaintiff from maintaining an independent action. *Burns v. Equitable Life Assurance Society of the U.S.*, 696 F.2d 21, 24 (2d Cir.1982), *cert. denied*, 464 U.S. 933, 104 S.Ct. 336, 78 L.Ed.2d 306 (1983). The reasoning of *Burns, supra,* is well founded and persuasive.[2]

Defendant cites *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir.1986) for the proposition that where the filings of plaintiff and the EEOC are "nearly contemporaneous," the holding in *Burns* is inapplicable. *Chapman* reached that conclusion where the individual's suit was filed only *14 minutes* before a separate EEOC action. *See Chapman*, 808 F.2d at 463–464. In this case, however, plaintiff filed his suit some 26 days before the EEOC filed its separate action. This does not constitute a "nearly contemporaneous" filing and *Chapman* is therefore distinguishable on its facts.

Consequently, plaintiff's right of action is not barred by the provisions of 29 U.S.C. section 626(c)(1) and defendant's motion for summary judgment on this issue is DENIED.

### *A Material Issue Of Fact Exists As To Whether Plaintiff Was "Constructively Discharged" (Count I Of Plaintiff's Complaint)*

Defendant submits that plaintiff's reasons for resigning were not sufficient as a

---

**1.** In relevant part, 29 U.S.C. § 626(c)(1) provides:
> ... [T]he right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter.

**2.** This assumes, of course, that the individual has not filed his action until 60 days after his allegations were filed with the EEOC pursuant to 29 U.S.C. § 626(d). *Dempsey v. Pacific Bell Co.*, 789 F.2d 1451 (9th Cir.1986). A violation of this jurisdictional requirement has not been alleged in this case.

matter of law to constitute a "constructive discharge." In support of its position, defendant contends that plaintiff voluntarily terminated his employment. Defendant further suggests that plaintiff's proposed demotion was anticipated and accompanied with an offer of continued employment at a reduced but substantially equivalent salary.

The Ninth Circuit recently addressed this issue in *Watson v. Nationwide Ins. Co.*, 823 F.2d 360 (9th Cir.1987):

> A constructive discharge occurs when, looking at the totality of circumstances, "a reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions." (Citation omitted). The test establishes an objective standard; the plaintiff need not show that the employer subjectively intended to force the employee to resign. (Citation omitted). "As a result, the answer turns on the facts of each case." (Citation omitted).

> The determination whether conditions were so intolerable and discriminatory as to justify a reasonable employee's decision to resign is normally a factual question left to the trier of fact. (Citation omitted).

*Id.* at 361.

█ In addition, it has been recently held that "the intolerableness of working conditions is very much a function of the reasonable expectations of the employee, including expectations of promotion or advancement." *Hopkins v. Price Waterhouse*, 825 F.2d 458, 472 (D.C.Cir.1987). When an employer's conduct is "viewed by any reasonable [employee in that employee's] position as a career-ending action," a constructive discharge is alleged. *Id.* at 473.

---

**3.** *See also Nolan v. Cleland*, 686 F.2d 806, 813–14 (9th Cir.1982) (a showing of four incidents of differential treatment over a period of two years was sufficient to create a genuine issue of fact for trial).

**4.** It should be noted that a presumably objective third party, the EEOC, *did* resolve this issue in plaintiff's favor. It found that plaintiff was "constructively discharged" and, based partially on the facts of this case, brought suit in this

By affidavit and deposition, plaintiff has alleged the following:

(a) that Meehan addressed plaintiff as "old man" ten to fifteen times between 1985 and 1987;

(b) that these remarks were sometimes made in the presence of other employees at official company meetings;

(c) that plaintiff was required to perform tasks not required of other department supervisors;

(d) that plaintiff was held responsible for damaged products or work stoppages beyond his control;

(e) that another employee had been told by Meehan to make things difficult for plaintiff; and

(f) that Meehan was known to "pick on someone until he quits."

If these facts are established at trial, the trier of fact *could* resolve this issue in favor of plaintiff under the standard established in *Watson, supra*.[3] This is all that is required of plaintiff at this stage to defeat summary judgment. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *T.W. Elec., supra; Celotex, supra; Commodity Futures, supra*.[4] Defendant's motion for summary judgment on this issue is DENIED.

### The Age Discrimination In Employment Act (29 U.S.C. § 621 et seq) Preempts Plaintiff's State Public Policy Claim (Count II Of Plaintiff's Complaint)

█ Plaintiff asserts that the public policy of the State of Hawaii against age discrimination was violated by the acts of defendant. This policy is set forth in Hawaii Rev.Stat. section 378–2(1).[5]

---

federal court to remedy defendant's practices in this regard. Although that finding is not binding on this court, it provides support for plaintiff's contention that genuine issues of material fact do exist on this question.

**5.** Hawaii Rev.Stat. § 378–2(1) provides:
It shall be an unlawful discriminatory practice:
(1) For any employer to refuse to hire or employ or to bar to discharge from employ-

■ Federal public policy enunciated in 29 U.S.C. section 626 (ADEA) against age discrimination does not preempt the award of tort damages on pendent state claims if those claims do not duplicate ADEA relief. *Cancellier v. Federated Department Stores*, 672 F.2d 1312, 1318 (9th Cir.1982), *cert. denied*, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982). However, that is not the case here. The alleged acts of age discrimination which form the graveman of plaintiff's complaint are the sole foundation for both plaintiff's ADEA and state public policy claims.[6]

In *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625 (1982), the Hawaii Supreme Court recognized a cause of action sounding in tort for employer discrimination which violates a clear public policy. However, when that public policy is embodied in a statute (here, ADEA and Hawaii Rev.Stat. section 378–2), "the statutory remedy is exclusive." *Lapinad v. Pacific Oldsmobile–GMC, Inc.*, 679 F.Supp. 991, 993 (D.Hawaii 1988) (*quoting Lui v. Intercontinental Hotels Corp.*, 634 F.Supp. 684, 688 (D.Hawaii 1986). Although *Lapinad*, *supra*, dealt specifically with a Title VII claim, its reasoning is equally persuasive here. Hawaii Rev.Stat. section 378–2 is the state law equivalent of the federal prohibitions of Title VII.[7]

"Thus, even though [ADEA] is not an exclusive remedy, in that it does not abrogate remedies which already existed, it does not create an additional common law remedy beyond the specific remedies contained in the statute." *Id.* 679 F.Supp. at 993. *See also McCluney v. Jos. Schlitz*

*Brewing Co.*, 489 F.Supp. 24, 26–27 (E.D. Wis.1980). Further, it would be illogical to imply a cause of action when one has already been provided by statute. *See Lapinad, supra; McCluney, supra; Bruffet v. Warner Communications, Inc.*, 692 F.2d 910, 915–920 (3d Cir.1982); *Kamens v. Summit Stainless, Inc.*, 586 F.Supp. 324, 329 (E.D.Penn.1984).[8]

Therefore, based upon the reasons set forth above, plaintiff cannot bring a separate pendent state tort claim for violation of the public policy upon which either the ADEA or Hawaii Rev.Stat. section 378–2 is based. Defendant's motion for summary judgment is GRANTED as to Count II of plaintiff's complaint.

*Plaintiff's Claims For Emotional Distress Are Preempted By The Hawaii Workers' Compensation Statute*

■ In *Royal State Nat'l Ins. v. Labor Board*, 53 Haw. 32, 487 P.2d 278 (1971), the Hawaii Supreme Court held that "an employee suffers a work-related injury within the meaning of HRS § 386–3 when he sustains a psychogenic disability precipitated by the circumstances of his employment." 53 Haw. at 38, 487 P.2d at 279. The injury in *Royal* was a mental condition which the doctors attributed to "the pressures at work." *Id.* at 38, 487 P.2d 278.

Plaintiff's alleged injury here fits precisely the *Royal* definition of a work-related injury under the State of Hawaii workers' compensation statutes. Therefore, plaintiff's claims of emotional distress are barred by the exclusivity provision of the workers' compensation statute.[9] *See*

---

ment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment because of race, sex, age, religion, color, ancestry, handicapped status, marital status, or arrest and court record....

**6.** A distinction must be made between those cases in which the ADEA and state claims are solely on the basis of age (or other) discrimination and those in which the ADEA claim is based on discrimination and the state claim is based on breach of implied contract, or other independent basis even though the *facts* alleged are the same for both.

**7.** 42 U.S.C. § 2000e–2 provides, in part:

(a) It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

•    •    •    •    •

**8.** This court notes that plaintiff does not contend that the remedies provided by the ADEA and Hawaii Rev.Stat. § 378–2 are inadequate.

**9.** Hawaii Rev.Stat. § 386–5 provides:
The rights and remedies herein granted to an employee or the employee's dependents on

*Anderson v. Hawaiian Dredging Co.*, 24 Haw. 97 (1917); *Gunzaga v. Kaiwiki Sugar Co.*, 28 Haw. 383 (1925); *Lui v. Intercontinental Hotels Corp.*, *supra;* *Lapinad v. Pacific Oldsmobile–GMC, Inc.*, *supra.*

Defendant's motion for summary judgment as to plaintiff's claims for emotional distress (Counts III and IV of plaintiff's complaint) is GRANTED.

### Plaintiff's Defamation Claims Are Not Sufficient As A Matter Of Law To Withstand Summary Judgment

Federal law applies to this first amendment claim. *Leidholdt v. L.F.P., Inc.*, 860 F.2d 890 (9th Cir.1988). The ninth circuit has often relied on the *Restatement (Second) of Torts* in this area. *See, e.g., Lewis v. Time, Inc.*, 710 F.2d 549 (9th Cir.1983); *Ault v. Hustler Magazine, Inc.*, 860 F.2d 877 (9th Cir.1988) *cert. denied,* — U.S. ——, 109 S.Ct. 1532, 103 L.Ed.2d 837 (1989). Section 559 of the *Restatement* defines a communication as defamatory when it tends to "harm the reputation of another as to lower him in the estimation of the community or deter third persons from associating or dealing with him." In construing suspect statements, the words and implications arising therefrom are to be given their natural and common meaning. *Ollman v. Evans*, 750 F.2d 970, 979 (D.C.Cir.1984) *cert. denied,* 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985); *Restatement (Second) of Torts*, Section 563 comment c (1977).

■ Generally, to successfully maintain a cause of action for defamation requires allegations of: (1) false and defamatory statements; (2) which are published to a third party; (3) for which the defendant is responsible; and (4) which result in harm to plaintiff. *Restatement (Second) of Torts*, Section 558 (1977).

■ Plaintiff contends the reference of him as "old man" lowered him in the eyes of others. The result of this, according to plaintiff's complaint, was that plaintiff suffered "humiliation, mental and physical pain and anguish." (Complaint, p. 11, para. 41.) [10]

The only item of damage asserted by plaintiff which is recognized by the authorities referred to above is "humiliation." However, plaintiff has submitted nothing to objectively establish that his reputation was in fact harmed. Plaintiff's only reference to this issue in his affidavit in opposition to defendant's motion is at para. 21:

> When Tom Meehan called me 'old man' during staff meetings in the presence of other employees, I felt embarrassed, humiliated, degraded, and self-conscious of my age.

The test under the *Restatement* is an objective one. Plaintiff has only claimed that he was *subjectively* humiliated. If established, damages for defendant's alleged conduct and statements are more properly recoverable as part of plaintiff's claim for age discrimination. In order to recover separate damages for defamation, however, more is required as a matter of law than plaintiff has presented here.

Therefore, defendant's motion for summary judgment is GRANTED without prejudice as to plaintiff's defamation claim. Should plaintiff, through continued discovery, locate sufficient factual basis upon which to ground this claim, he may seek leave to amend his complaint.

### IV. PLAINTIFF'S REQUEST TO DISMISS MOTIONS OR CONTINUE HEARING

■ Plaintiff has served defendant with several requests for production of documents which he claims remain at least partially unanswered. Without filing a for-

---

account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury.

10. Although at page 6, ¶ 40 of plaintiff's complaint, he alleges that these statements were "intended to damage Plaintiff's reputation in the bakery industry in Hawaii," there is no allegation that this in fact was the result.

mal motion, plaintiff contends that defendant's motion to dismiss or for summary judgment should be dismissed or, in the alternative, that this hearing should have been continued until defendant complied with those discovery requests.

Fed.R.Civ.P. 56(f) states:

Should it appear from the affidavits of a party opposing the motion (for summary judgment) that the party cannot *for reasons stated* present by affidavit facts essential to justify the party's opposition, the court *may* refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. (Emphasis added).

In plaintiff's counsel's affidavit (Affidavit of Collin K.C. Lau, attached to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or in the Alternative For Summary Judgment), he states:

That affiant believes that the requested documents and things are relevant, material and necessarily discoverable due to the nature of the case and/or were necessitated by the Defendant's lines of inquiry at the Plaintiff's deposition. (Para. 8).

That affiant believes it has been extremely prejudicial and fundamentally unfair for the Defendant to avoid or fail to provide the Plaintiff proper discovery while at the same time it files and pursues a dismissal or summary judgment based on factual allegations, contentions and assumptions. (Para. 17).

Neither of these references states that, due to the non-response of defendant, plaintiff was unable to properly respond to defendant's motions. Further, this court has received sufficient material to rule on defendant's motions without additional submissions of the parties.

Therefore, plaintiff's request to deny defendant's motions or continue this hearing is DENIED.

## V. CONCLUSION

For the reasons stated above:

(1) Plaintiff's request to deny defendant's motions or, in the alternative, to continue the hearing on those motions is DENIED;

(2) Defendant's motion to dismiss is treated as one for summary judgment;

(3) Defendant's motion for summary judgment is GRANTED with prejudice as to Count II (violation of public policy against age discrimination) and Counts III and IV (emotional distress) of plaintiff's complaint;

(4) Defendant's motion for summary judgment is GRANTED without prejudice as to Count V (defamation) of plaintiff's complaint; and,

(5) Defendant's motion for summary judgment is DENIED in all other respects.

IT IS SO ORDERED.