**Rosanne N. HEW–LEN, Plaintiff,**

v.

**F.W. WOOLWORTH, a New York Corporation, Dennis Souza, Individually and in his capacity as Manager of the Ala Moana F.W. Woolworth Store, Doe Head of Security For F.W. Woolworth, John Does 1–10, Jane Does 1–10, Corporate Does 1–10, Government Does 1–10, and Other Does 1–100, Defendants.**

**Civ. No. 89–00594 HMF.**

United States District Court,
D. Hawaii.

March 8, 1990.

Thomas Bowers, III, Honolulu, Hawaii, for plaintiff.

Barbara A. Petrus, Goodsill, Anderson, Quinn & Stifel, Honolulu, Hawaii, for Woolworth.

Michael Webb, Stephen Bollinger, Estelle Kelley, Kiefer, Oshima, Chun & Webb, Honolulu, Hawaii, for Souza.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WRONGFUL TERMINATION CLAIMS

FONG, Chief Judge.

### INTRODUCTION

Defendant F.W. Woolworth ("Woolworth") has brought a motion to dismiss plaintiff's wrongful termination claims. Defendant Dennis Souza ("Souza") joins in Woolworth's motion. Defendants bring this motion to dismiss on two grounds: (1) plaintiff's claim for breach of the duty of good faith and fair dealing has been rejected as a claim by the Hawaii Supreme Court, and (2) plaintiff's claim for wrongful discharge in violation of public policy is barred by the exclusive remedy of the State Fair Employment Practices Law, Haw.Rev.Stat. § 378–2.

### BACKGROUND

On August 4, 1989, plaintiff filed a complaint alleging sexual harassment, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, wrongful termination, and punitive damages. Plaintiff's lawsuit is based upon sexual comments and conduct by defendant Woolworth's store manager, and plaintiff's termination from employment at Woolworth's.

This court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) ("district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person ... to recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights") since plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Additionally, plaintiff alleges that this court has pendent jurisdiction over plaintiff's various state law claims.

On January 9, 1990, defendant Woolworth filed a motion to dismiss the wrongful termination claims in plaintiff's complaint. Plaintiff filed a memorandum in opposition to this motion on January 19, 1990. On January 30, 1990, defendant Dennis Sousa filed a joinder in defendant Woolworth's motion to dismiss wrongful termination claims.

### STANDARD OF REVIEW

Defendants bring their motion to dismiss wrongful termination claims pursuant to Fed.R.Civ.P. 12, which states, in pertinent part, as follows:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion:
>
> \*   \*   \*   \*   \*   \*
>
> (6) failure to state a claim upon which relief can be granted
>
> \*   \*   \*   \*   \*   \*

In considering defendants' 12(b)(6) motion, this court cannot dismiss plaintiff's wrongful termination claims "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sun Savings & Loan Association v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 [41 LRRM 2089] (1957). *See also United Energy Owners Committee, Inc. v. United States Energy Management Systems, Inc.,* 837 F.2d 356, 360 (9th Cir.1988).

When scrutinizing the terms of the complaint, this court must presume all of plaintiff's factual allegations to be true and must draw all reasonable inferences in her favor as the nonmoving party. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987).

### DISCUSSION

*Good Faith and Fair Dealing*

Paragraphs 65, 66 and 68 of plaintiff's complaint allege a claim for wrongful termination in violation of the duty of good faith and fair dealing. The Hawaii courts,

however, do not recognize such an implied duty of good faith and fair dealing, at least not in the context of employment contracts.

In *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625 (1982), the plaintiff urged the Hawaii Supreme Court to adopt a rule that an employer has "an implied duty to terminate in good faith ..." *Id.* at 377, 652 P.2d at 629. The court refused to adopt such a rule, reasoning that:

> to imply into each employment contract a duty to terminate in good faith would seem to subject each discharge to judicial incursions into the amorphous concept of bad faith. We are not persuaded that protection of employees requires such an intrusion on the employment relationship or such an imposition on courts.

*Id.*

Here, as in *Parnar*, plaintiff urges this court to rule that defendant Woolworth, the employer, had an implied duty to terminate her in good faith. In support of her position, plaintiff cites *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974) and *Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251 (1977), two cases from other jurisdictions which did imply a duty to terminate an employee in good faith in every employment contract. The *Parnar* court, however, considered and declined to follow the *Monge* and *Fortune* courts, stating:

> Parnar urges us to expand a wrongfully discharged employee's rights by imposing upon an employer an implied duty to terminate in good faith, in the manner of *Monge* and *Fortune....* we refuse to recognize such a claim.

65 Haw. at 377, 652 P.2d 625.

Plaintiff also argues that *Parnar* is factually distinguishable from the present case since *Parnar* involved an employee terminated by a company afraid that she might testify against the company before the grand jury or in a subsequent criminal trial. This case involves claims of sexual harassment on the job. Even though the specific facts of *Parnar* may be different from the specific facts of this case, the holding in *Parnar* applies to all wrongful termination claims based on breach of the implied duty of good faith and fair dealing. Given the clear mandate of the *Parnar* decision, this court must dismiss plaintiff's claim for wrongful termination based on the violation of the duty of good faith and fair dealing.

### Violation of Public Policy

■ Paragraphs 67 and 68 of plaintiff's complaint set forth a claim for wrongful termination based on violation of public policy as expressed in Haw.Rev.Stat. §§ 378–2(1) and (5). The *Parnar* court did adopt what is called the "public policy exception" to the at-will rule, wherein "an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy." *Parnar*, 65 Haw. at 380, 652 P.2d 625. The court further stated that in determining whether a clear mandate of public policy is violated, courts should "inquire whether the employer's conduct contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme." *Id.*

Here, plaintiff has alleged that defendant Woolworth's conduct contravenes the letter or purpose of Haw.Rev.Stat. §§ 378–2(1) and (5). Sections 378–2(1) and (5) provide:

> It shall be an unlawful discriminatory practice:
>
> (1) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment because of race, sex, age, religion, color, ancestry, handicapped status, marital status, or arrest and court record;
>
> \*   \*   \*   \*   \*   \*
>
> (5) For any employer, labor organization, or employment agency to discharge, expel, or otherwise discriminate against any individual because the individual has opposed any practice forbidden by this part or has filed a complaint, testified, or assisted in any proceeding respecting the discriminatory practices prohibited under this part.

Defendant argues that plaintiff's claim for discharge in violation of public policy based upon Haw.Rev.Stat. §§ 378–2(1) and (5) is barred because Title VII of the Civil Rights Act of 1964 and/or Haw.Rev.Stat. § 378–2 provide the exclusive remedy for such claims. In support of its position, defendant points to four decisions from the district of Hawaii in which the federal court held that the public policy exception was not applicable where the statutory remedy was sufficient in itself.

The United States District Court for the District of Hawaii first addressed this issue in *Lui v. Intercontinental Hotels Corp. (Hawaii)*, 634 F.Supp. 684 (D.Haw.1986). In *Lui*, the plaintiff alleged a claim for wrongful constructive discharge in violation of the public policy embodied in Haw. Rev.Stat. Chapter 378. The court dismissed plaintiff's wrongful discharge claim on the ground that the statutory remedy was plaintiff's exclusive remedy. The *Lui* court stated:

> Hawaii recognizes a "public policy" exception to the doctrine of employment at will. However, the public policy plaintiff advances is Hawaii Rev.Stat. ch. 378, the employment discrimination statute. Where the policy is one created by statute, the statutory remedy is exclusive.

*Id.* at 688 (citations omitted).

In *Lapinad v. Pacific Oldsmobile–GMC, Inc.*, 679 F.Supp. 991 (D.Haw.1988), Judge Alan C. Kay addressed the issue whether a claim for wrongful discharge in violation of public policy could be brought for conduct alleged to be sexual harassment and discrimination violative of Title VII and Haw. Rev.Stat. § 378–2. Judge Kay rejected plaintiff's argument that plaintiff had a claim for wrongful discharge in violation of public policy, finding that the statutes which prohibit employment discrimination provide a sufficient remedy in themselves, making the creation of an additional common law remedy unnecessary. As Judge Kay noted:

> Courts have been reluctant, however, to extend the public policy exception to the at will doctrine beyond what is necessary to protect the public interest at stake.

In *Parnar*, the court stated that the decisions recognizing the exception "manifest a reluctance of courts to unjustifiably intrude on the employment arrangement or to arrogate to themselves the perceived legislative function of declaring public policy." *Id.* at 379, 652 P.2d 625. Thus, this exception was intended to apply to a "narrow class of cases" where the wrongful discharge action is seen as necessary to effectuate the public policy at stake. If, however, the statutory or regulatory provisions which evidence the public policy themselves provide a remedy for the wrongful discharge, provision of a further remedy under the public policy exception is unnecessary.

*Id.* at 993. Although Judge Kay found that plaintiff did not have a cause of action for wrongful discharge based on the public policy exception to the "at will" doctrine, since there appeared to be an issue whether the printed guidelines for dismissal of employees constituted a contract the breach of which might give rise to a cause of action for wrongful discharge, Judge Kay did not feel summary judgment on the wrongful discharge claim was appropriate at that time.

In *Howard v. Daiichiya–Love's Bakery, Inc.*, 714 F.Supp. 1108 (D.Haw.1989), a claim was brought alleging a discharge in violation of public policy based upon the prohibition against age discrimination in employment embodied in Haw.Rev.Stat. § 378–2(1). Judge David A. Ezra, finding that "[t]he alleged acts of age discrimination which form the gravamen of plaintiff's complaint are the sole foundation for both plaintiff's ADEA and state public policy claims," *id.* at 1113, granted summary judgment in favor of the employer on the public policy claim on the ground that it was preempted by the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

Most recently, in *Tachera v. United Airlines*, 1989 WL 142928, 58 U.S.L.W. 2259, 4 IER Cases 1386 (D.Haw.1989), this court affirmed the decisions in *Lui* and *Lapinad*, finding that the public policy exception was not applicable "when, as here, the plaintiff

merely advances policies which inhere to an employment discrimination statute that is sufficient in itself—in this case, Haw.Rev. Stat. § 378–2." 1989 WL 142928 at 4, 4 IER at 1389.

Plaintiff argues that *Lui, Lapinad, Howard,* and *Tachera* are distinguishable from the present case since none of these cases involved an employer with its own policies and guidelines similar to those in the statute. In the present case, defendant Woolworth issued a handbook which contained the company's policies and guidelines with respect to sexual harassment and other issues. Plaintiff argues that Judge Kay, in *Lapinad,* left open the issue whether printed guidelines for dismissal of employees created an enforceable contract the breach of which could give rise to a cause of action for wrongful discharge. In *Lapinad,* the employer had issued printed guidelines for dismissal of employees.

In *Thompson v. St. Regis Paper Company,* 102 Wash.2d 219, 685 P.2d 1081 (Wash. 1984), the employee-plaintiff was terminated for unspecified reasons. The *Thompson* court stated:

> A second contractual approach adopted by a number of courts is that the employer's right to terminate an at will employee can be contractually modified and, thus, qualified by statements contained in employee policy manuals or handbooks issued by employers to their employees.

685 P.2d at 1087.

Plaintiff is correct in arguing that she may have a claim for wrongful termination based on breach of contract. However, plaintiff's complaint, as it now reads, bases the wrongful termination claim on only two grounds, breach of the implied duty of good faith and fair dealing and the public policy exception. On these two grounds, plaintiff's wrongful termination claims are deficient and should be dismissed.

Accordingly, this court GRANTS defendants' motion to dismiss wrongful termination claims insofar as these claims are based upon breach of the implied duty of good faith and fair dealing and the public policy exception to the at-will rule.

IT IS SO ORDERED.