**Andrea WANGLER, Plaintiff,**

v.

**HAWAIIAN ELECTRIC COMPANY, INC., Norman Okimoto and George Yasutome, Defendants.**

**Civ. No. 89–00998.**

United States District Court, D. Hawaii.

May 9, 1990.

See also, 742 F.Supp. 1458.

Mitchell J. Green, King & Green, San Francisco, Ca., David Robinson, Robinson Ferrara & Chur, Honolulu, Hawaii, for plaintiff.

Lisa Woods Munger, Barbara A. Petrus, Goodsill Anderson Quinn & Stifel, Jerry M. Hiatt, Bays Deaver Hiatt Kawachika Lezak & Kodani, Honolulu, Hawaii, for defendants.

ORDER GRANTING DEFENDANT HAWAIIAN ELECTRIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS OKIMOTO AND YASUTOME'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DAVID A. EZRA, District Judge.

Defendant Hawaiian Electric Company, Inc.'s motion for partial summary judgment came on for hearing on April 30, 1990. Defendants Norman Okimoto and George Yasutome joined in the motion. Mitchell J. Green, Esq. and David M. Robinson, Esq. appeared on behalf of the plaintiff; Lisa Munger, Esq. and Barbara A. Petrus, Esq. appeared on behalf of defendant Hawaiian Electric Company, Inc.; and Jerry M. Hiatt, Esq. appeared on behalf of defendants Norman Okimoto and George Yasutome.

The court, having considered the motions and the memoranda submitted in support thereof and in opposition thereto and having heard the oral arguments of counsel, GRANTS defendant Hawaiian Electric Co., Inc.'s motion for partial summary judgment and DENIES defendants Okimoto and Yasutome's motion.

I. BACKGROUND

Plaintiff Andrea Wangler ("Wangler") has been employed as a chemist for defendant Hawaiian Electric Company, Inc. ("HECO") since 1982. Plaintiff brings this action against her employer HECO, her former supervisor, Norman Okimoto ("Okimoto"), and a former co-worker, George Yasutome ("Yasutome"), for alleged sexual harassment and discrimination.

Plaintiff's first cause of action is for sexual harassment, discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Plaintiff's second cause of action is for assault and battery arising from an alleged incident which occurred between plaintiff and defendant Norman Okimoto while she was at work. Plaintiff alleges that as a result of this incident she was "repulsed, nauseated, extremely upset, embarrassed, humiliated, [and] in continual fear of further contact with Okimoto...."

Finally, plaintiff's third and fourth causes of action are for intentional and negligent infliction of emotional distress, also directly arising from the alleged improper conduct of defendants Okimoto and HECO.

Defendant HECO now moves for summary judgment on plaintiff's state law claims, asserting that they are barred by the Hawaii Workers' Compensation statutes. Defendants Okimoto and Yasutome join in HECO's motion.

## II. DISCUSSION

### A. *Preemption by Hawaii's Workers Compensation Statute*

This district court has previously held that the exclusivity provision of the Hawaii Workers Compensation Statute bars independent state actions against an employer for emotional distress. Haw.Rev.Stat. § 386–5; *Morishige v. Spencecliff Corp.*, 720 F.Supp. 829 (D.Haw.1989) (emotional distress claims arising out of a wrongful discharge are barred by workers compensation statute); *Howard v. Daiichiya–Love's Bakery, Inc.*, 714 F.Supp. 1108 (D.Haw. 1989) (emotional distress claims arising from a constructive discharge based on alleged age discrimination are barred by workers compensation statute); *Courtney v. Canyon Television and Appliance Rental, Inc.*, 3 Indv. Emp.Rts.Case (BNA) 610 (D. Hawaii 1988), *aff'd* 899 F.2d 845 (9th Cir.1990); *Lui v. Inter–Continental Hotels Corporation*, 634 F.Supp. 684 (D.Haw.1986).

The Ninth Circuit recently affirmed the decision in *Courtney v. Canyon Television and Appliance Rental, Inc.*, 899 F.2d 845, citing with approval this court's holdings in *Morishige v. Spencecliff Corp.*, 720 F.Supp. 829; *Howard v. Daiichiya–Love's Bakery, Inc.*, 714 F.Supp. 1108. The court found that, under the "unitary test" established by the Hawaii Supreme Court, the Hawaii Workers Compensation Statute provides exclusive coverage for emotional injuries stemming out of a claim for wrongful discharge grounded in intentional race discrimination. *Courtney, id., citing Chung v. Animal Clinic, Inc.*, 63 Haw. 642, 648–49, 636 P.2d 721, 725–36 (1981); *Royal State Nat'l Ins. Co. v. Labor & Indus. Relations Appeal Bd.*, 53 Haw. 32, 38, 487 P.2d 278, 282 (1971).

In another decision in this district, *Lui v. Inter–Continental Hotels Corporation*, 634 F.Supp. at 688, the court held that emotional distress claims arising out of an assault and battery asserted in a sexual harassment action were barred by the workers compensation statute. The court considered that this broad policy

> accomplishes the beneficial purposes of workers' compensation law. The employer is held strictly liable for misconduct in the work place and the employee has an efficient, economical remedy.

Although plaintiff makes a persuasive argument that her claims should stand under law prevailing in other jurisdictions, the clear body of law in this district compels this court to find plaintiff's claims for intentional and negligent infliction of emotional distress against HECO are barred by the Hawaii Workers Compensation Statute. The acts complained of occurred at her place of employment while she was working as a chemist at HECO. Indeed, the genesis of her complaint is that her claims are directly employment related.

Plaintiff's claims of sexual harassment or discrimination are not legally distinguishable from claims involving age and race discrimination in the employment context. *See Howard*, 714 F.Supp. at 1113; *Courtney*, 899 F.2d at 845. Sex discrimination or harassment is no more a normal or reasonably anticipated incident of employment than is race or age discrimination. Each of these forms of employment discrimination is illegal and abhorrent. The court finds no reason which would justify carving out an exception to the previous holdings of this district under Hawaii law.

The injury plaintiff sustained is a "work-related injury within the meaning of Haw. Rev.Stat. § 386–3 ..." since it is "... a psychogenic disability precipitated by the circumstances of [her] employment." *Royal State Nat'l Ins.*, 53 Haw. at 38, 487 P.2d 278. Similarly, plaintiff's assault and battery claim asserts damages which could only be characterized as "psychogenic" and also barred by the workers compensation statutes.

### B. *Exception for Fraudulent Concealment*

Plaintiff also asserts that, even if this court finds that her sexual harassment and discrimination claims are barred by the exclusivity provision of the Hawaii Workers Compensation statute, there are factual issues with respect to whether her injuries were aggravated by defendants' alleged fraud and cover-up and whether such injuries are covered under Hawaii's workers compensation statute.

Again plaintiff makes a persuasive argument based on California law which recognizes a specific statutory exception to the exclusivity provision where an employer's fraudulent concealment of a worker's injury aggravates such injury. There is, however, no such exception under Hawaii law.

To the extent that plaintiff has been injured, those injuries are related to her employment. The workers compensation claim which she filed clearly states sexual harassment and discrimination as the basis of her claim. Assuming for the sake of this motion that there are facts which indicate that HECO attempted to fraudulently conceal plaintiff's injuries, those injuries are also barred as a matter of law by the exclusivity provision of the Hawaii Workers Compensation Statute just as are the other "psychogenic" injuries alleged.

Therefore, for the reasons set forth above, the court GRANTS defendant HECO's motion for partial summary judgment on plaintiff's claims for negligent and intentional infliction of emotional distress and assault and battery.

### C. *Defendants Okimoto and Yasutome*

The individual defendants seek to join in HECO's motion for partial summary judgment asserting that the state claims for emotional distress and assault and battery are barred against them as well. The court disagrees.

This court has previously held that, although the exclusivity provision of Hawaii's workers compensation law extends immunity to co-employees acting within the scope of their employment, it does not relieve co-employees of liability to the extent that a fellow employee's personal injury is caused by their "wilful and wanton misconduct." Haw.Rev.Stat. § 386–8; *Morishige*, 720 F.Supp. at 837.

Defendants Okimoto and Yasutome assert that their affidavits conclusively establish the absence of wilful and wanton misconduct. Plaintiff's affidavit, however, raises several questions as to the "willful and wanton" nature of the individual defendants' alleged conduct and therefore the court cannot find at this time, as a matter of law, that plaintiff's state law claims against defendants Okimoto and Yasutome are barred.

Therefore, defendants Okimoto and Yasutome's motion for partial summary judgment is DENIED.

IT IS SO ORDERED.