696 F.2d 21
 30 Fair Empl.Prac.Cas. 873,
30 Empl. Prac. Dec. P 33,214
Kay BURNS, et al., Plaintiffs-Appellees,
v.
The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES,
Defendant-Appellant.
Eugene J. GOSS, Plaintiff-Appellee,
v.
The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES,
Defendant-Appellant.
 No. 208, Docket 82-7372.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 16, 1982.
Decided Dec. 9, 1982.
 
 Gerald P. Norton, Washington, D.C. (Walter B. Connolly, Jr. and Pepper, Hamilton & Scheetz, Washington, D.C., Fred A. Freund and Kaye, Scholer, Fierman, Hays & Handler, New York City, Werner Weinstock, John P. Mangan, New York City, on the brief), for defendant-appellant.
 Richard Ben-Veniste, Washington, D.C. (Ben-Veniste & Shernoff, Washington, D.C., Leonard N. Flamm and Hockert & Flamm, New York City, Martin Jacobson & Braunstein, Jacobson, Freeman & Viscomi, New York City, on the brief), for plaintiffs-appellees Burns, et al.
 Ben H. Becker and Schwartz, Tobia, Stanziale & Gordon, East Orange, N.J., submitted a brief for plaintiff-appellee Goss.
 Justine S. Lisser, Washington, D.C. (Michael Martinez, Deputy Gen. Counsel, Philip Sklover, Associate Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, Washington, D.C., on the brief), for the E.E.O.C. as amicus curiae.
 Robert E. Williams, Douglas S. McDowell, Barbara L. Neilson and McGuiness & Williams, Washington, D.C., submitted a brief for the Equal Employment Advisory Council as amicus curiae.
 Before MANSFIELD, VAN GRAAFEILAND, and NEWMAN, Circuit Judges.
 NEWMAN, Circuit Judge:
 
 
 1
 Equitable Life Assurance Society of the United States (Equitable) appeals from two orders of the District Court for the Southern District of New York (Morris E. Lasker, Judge) denying Equitable's motions to dismiss private suits filed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634 (1976). 530 F.Supp. 768 (S.D.N.Y.1982). Equitable contended that the private suits were preempted by a later action brought by the Equal Employment Opportunity Commission (EEOC). We agree with Judge Lasker that the private suits have not been preempted and affirm his rulings.
 
 
 2
 In 1978 and 1979, Equitable terminated over 500 employees, of whom approximately 360 were over 40 years of age. In September 1979, plaintiff-appellee Kay Burns filed a complaint charging Equitable with violations of the ADEA. Over 100 of Equitable's former employees opted to join the Burns action.[1] In January 1980, Eugene Goss, another employee fired in connection with Equitable's staff reduction program, filed an ADEA suit against Equitable in the United States District Court for the District of New Jersey, Goss v. The Equitable Life Assurance Society of the United States (No. 80-251), which was transferred to the Southern District of New York (No. 81 Civ. 4766).
 
 
 3
 Nearly two years after Burns and Goss began their actions, the EEOC filed an action against Equitable, alleging the same ADEA violations. The EEOC originally sought relief on behalf of a group of 434 former Equitable employees, some of whom were already participating in the Burns action. Two days after filing its complaint, however, the EEOC stipulated out of the liquidated damages claim of its lawsuit all of the Burns plaintiffs that it had originally named. Equitable subsequently moved to dismiss the Burns and Goss actions, relying on section 7(c)(1) of the ADEA, 29 U.S.C. Sec. 626(c)(1), which provides:
 
 
 4
 Any person aggrieved may bring a civil action ... for such legal or equitable relief as will effectuate the purposes of this chapter: Provided, That the right of any person to bring such action shall terminate upon the commencement of an action by the [EEOC] to enforce the right of such employee under this chapter [second emphasis added].
 
 
 5
 Equitable argued that this section of the ADEA required dismissal of pending private actions whenever the EEOC filed its own complaint. Opposing the motion, Burns interpreted the statute to permit pending actions to continue, and to bar only the initiation of new lawsuits after filing of a complaint by the EEOC. The narrow issue posed was whether the statutory phrase "to bring" means "to commence or maintain," or only "to commence." The District Court, adopting the latter construction, denied Equitable's motion to dismiss the Burns suit, 530 F.Supp. 768, and certified that ruling for appeal pursuant to 28 U.S.C. Sec. 1292(b). The District Court subsequently denied Equitable's motion to dismiss the Goss suit and also certified that ruling. Our review of the text and legislative history of the ADEA persuades us that the District Court's rulings were correct.
 
 
 6
 The ADEA expressly incorporates the procedures originally fashioned by the 87th Congress to govern enforcement of the Fair Labor Standards Act (FLSA). Section 7(b) of the ADEA, 29 U.S.C. Sec. 626(b), specifies that the Act "shall be enforced in accordance with the powers, remedies, and procedures" established by the FLSA, specifically including those set forth in section 16(b) of the FLSA, 29 U.S.C. Sec. 216(b). See H.R.Rep. No. 805, 90th Cong., 1st Sess. 5, reprinted in 1967 U.S.Code Cong. & Ad.News 2213, 2218; Lorillard v. Pons, 434 U.S. 575, 580-83, 98 S.Ct. 866, 869-71, 55 L.Ed.2d 40 (1978). In 1961 section 16(b) of the FLSA was amended to provide, in language later used in section 7(c)(1) of the ADEA, that an employee's right to "bring" an action shall terminate upon the filing of a complaint by the official charged with enforcing the FLSA, the Secretary of Labor. Pub.L. No. 87-30. The House-Senate Conference Report accompanying the 1961 amendments to the FLSA makes it clear that a pending private suit is not preempted by an action brought by the Secretary of Labor:
 
 
 7
 The filing of the Secretary's complaint against an employer would not, however, operate to terminate any employee's right to maintain such a private suit to which he had become a party plaintiff before the Secretary's action.
 
 
 8
 Conf.Rep. No. 327, 87th Cong., 1st Sess. 20, reprinted in 1961 U.S.Code Cong. & Ad.News 1706, 1714. Thus, if section 7(b) of the ADEA is understood to incorporate not only the procedural provisions of the FLSA, but also Congressional understanding of the broad scope of private enforcement of the FLSA under those provisions, independent of public enforcement, then a pending private suit under the ADEA is not preempted by an EEOC action.
 
 
 9
 When enacting "a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the [judicial and administrative] interpretation[s] given to the incorporated law," at least those concerning the new statute. Lorillard v. Pons, supra, 434 U.S. at 581, 98 S.Ct. at 870. The presumption is even stronger that Congress was familiar with the reported expressions of its own legislative intent regarding the provisions it has incorporated. Especially is this so where, as here, the incorporating and incorporated statutes are not distant in time, and the selectivity of the incorporation implies a detailed Congressional knowledge of the prior law that was borrowed.
 
 
 10
 Further inquiry into the legislative history of the ADEA reinforces the conclusion that section 7(c)(1) was intended to adopt the scheme of the FLSA in allocating enforcement authority between public and private plaintiffs. Particularly telling in this respect is the portion of the House Report discussing section 14, 29 U.S.C. Sec. 633, which allocates enforcement authority between plaintiffs suing under state discrimination laws and plaintiffs suing under the ADEA. According to the Report, section 14 requires that "commencement of an action under this act shall be a stay on any State action previously commenced." H.R.Rep. No. 805, 90th Cong., 1st Sess. 6 (1967), reprinted in 1967 U.S.Code Cong. & Ad.News, supra, at 2219 (emphasis added). This wording indicates that the framers of the ADEA well understood how to make clear their intention to depart from FLSA procedure by permitting a category of pending lawsuits to be preempted. The absence of such an intention with respect to private ADEA suits pending prior to the filing of suit by the EEOC indicates that Equitable's reading of the statute is unwarranted.
 
 
 11
 The District Court noted that a rule permitting EEOC complaints to oust pending as well as later filed actions would have two unfortunate consequences. First, private counsel would be motivated to avoid the cases most urgently requiring remedial action, for such cases would also be most likely to invite preemptive public litigation. Second, private counsel willing to initiate ADEA suits would be motivated to delay as long as possible the filing of complaints to increase their opportunity to learn whether EEOC litigation will preempt their efforts. 530 F.Supp. at 771-72. This latter result would impede the achievement of a central goal of the ADEA's framers, who were concerned that delay would prejudice the claims of older plaintiffs, and who consequently sought to achieve expeditious enforcement.[2] Against these concerns Equitable contends that permitting pending private ADEA suits to continue along side of a suit brought by the EEOC will deter conciliation and cause duplication of effort. We think the District Courts' authority to control litigation can minimize delay and duplication,[3] but however the competing policy concerns are to be weighed, we conclude that the statute does not say or mean that pending private ADEA suits are preempted by EEOC litigation.
 
 
 12
 The orders appealed from are affirmed.
 
 
 
 [1]
 The "opt-in" procedure is provided by section 16(b) of the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b), which is made applicable to ADEA suits by section 7(b) of the ADEA, 29 U.S.C. Sec. 626(b)
 
 
 [2]
 In particular, the ADEA's framers wanted ADEA enforcement to be more expeditious than enforcement practice under Title VII of the Civil Rights Act of 1964. They sought to avoid delay "[b]y utilizing the courts rather than a bureaucracy" as the preferred forum for the resolution of age discrimination complaints. 113 Cong.Rec. 7076 (1967) (remarks and testimony of Senator Javits). Even under Title VII, however, EEOC action does not dominate private litigation to the extent urged here by Equitable. For example, rather than barring the maintenance of pending litigation, EEOC suits under Title VII have been held to be barred by the fact that private litigants have already acted on their own. E.g., EEOC v. Missouri Pacific R. Co., 493 F.2d 71, 75 (8th Cir.1974); EEOC v. Pacific Press Pub. Ass'n, 535 F.2d 1182, 1186 (9th Cir.1976). See B. Schlei & P. Grossman, Employment Discrimination Law 1050-51 (1976). We express no view on these rulings. Moreover, the EEOC is limited to permissive intervention in a pending private action. Civil Rights Act of 1964, section 706(f)(1), as amended, 42 U.S.C. Sec. 2000e-5(f)(1) (1976)
 
 
 [3]
 Counsel for plaintiffs in the Burns and Goss cases have stated that they will not oppose a motion to consolidate the private suits with the EEOC's suit