**William BLUMENTHAL, Plaintiff,**

**v.**

**G–K–G INC. and Bernard Gassin, Defendants.**

**No. 89 C 8693.**

United States District Court,
N.D. Illinois,
E.D.

May 21, 1990.

Mark L. Shapiro, Robert S. Letchinger, Rudnick & Wolfe, Chicago, Ill., for plaintiff.

Philip C. Stahl, Nancy H. Wilder, Grippo & Elden, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

After plaintiff initiated this age discrimination suit, the Equal Employment Opportunity Commission ("EEOC") commenced a separate action on behalf of plaintiff. Arguing that plaintiff's cause of action is preempted by the EEOC suit, defendants have moved to dismiss plaintiff's complaint. Defendants also argue that certain claims are barred by the applicable statute of limitations. For the reasons stated herein, defendants' motion to dismiss is denied.

## I. FACTS

In 1974, plaintiff William Blumenthal began working as a salesman for defendant G–K–G Inc. ("GKG"). During his career with GKG, Blumenthal received several awards in recognition of his outstanding work performance. Despite Blumenthal's exemplary work record, GKG gradually reduced his share of new sales accounts. On November 23, 1987, GKG's President, defendant Bernard Gassin, asked Blumenthal to retire. Blumenthal, who was sixty-nine years old at that time, refused to retire. On December 31, 1987, defendants terminated Blumenthal.

Claiming that defendants terminated him solely because of his age, Blumenthal filed a charge of age discrimination with the EEOC. Following its investigation of the charge, the EEOC determined that defendants had discriminated against Blumenthal on the basis of age. Blumenthal then filed this action on November 22, 1989, pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. On December 21, 1989, the EEOC filed suit against GKG on behalf of Blumenthal.

## II. DISCUSSION

Defendants raise two arguments in their motion to dismiss. First, defendants argue that Blumenthal's age discrimination suit is preempted by the EEOC action. Second, defendants contend that some of Blumenthal's claims are time-barred. Neither argument is persuasive.[1]

### A. Preemption

In support of their first argument, defendants rely on section 7(c)(1) of the ADEA, 29 U.S.C. § 626(c)(1), which provides: "[T]he right of any person *to bring* [an ADEA] action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter." *Id.* (emphasis added). Although the ADEA does not define what it means "to bring" an action, it is commonly understood that a party "brings" an action when he files the complaint. *See Goldenberg v. Murphy*, 108 U.S. 162, 163, 2 S.Ct. 388, 389, 27 L.Ed. 686 (1883); *see also* Black's Law Dictionary 174 (5th ed. 1979) ("To 'bring' an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit."). Plaintiffs argue that "bring" is synonymous with "commence" and, therefore, section 7(c)(1) only precludes an individual from commencing an action after the EEOC has filed suit. Defendants, on the other hand, contend that "bring" should be interpreted to mean "bring or maintain." Under defendants' interpretation, section 7(c)(1) would not only preclude an aggrieved party from commencing an action after the EEOC has filed suit, but it

---

1. The EEOC has filed a brief in opposition to defendants' motion to dismiss. Since the EEOC raises many of the same arguments as Blumenthal, the court will refer to Blumenthal and the EEOC collectively as "plaintiffs."

would also preclude a party from maintaining an action filed prior to the EEOC suit.

Unfortunately, the legislative history behind section 7(c)(1) fails to elucidate Congressional intent. The Fair Labor Standards Act ("FLSA"), however, provides some guidance in construing section 7(c)(1). *See Burns v. Equitable Life Assurance Soc'y of U.S.*, 696 F.2d 21, 23–24 (2d Cir. 1982), *cert. denied*, 464 U.S. 933, 104 S.Ct. 336, 78 L.Ed.2d 306 (1983). Section 16(b) of the FLSA contains language which is nearly identical to that used in section 7(c)(1) of the ADEA. Section 16(b) provides that an employee's right *"to bring* an action ... terminate[s] upon the filing of a complaint by the Secretary of Labor." 29 U.S.C. § 216(b) (emphasis added). The legislative history behind that provision clearly indicates that an action filed by the Secretary of Labor does not preempt a previously-filed private action. *See* Conf.Rep. No. 327, 87th Cong., 1st Sess. 20, *reprinted in* 1961 U.S.Code Cong. & Admin.News 1620, 1706, 1714 ("[t]he filing of the Secretary's complaint against an employer would not ... operate to terminate any employee's right to maintain such a private suit to which he had become a party plaintiff before the Secretary's action"). Since the ADEA incorporates the enforcement procedures of the FLSA,[2] specifically those set forth in section 16(b), the interpretation given to section 16(b) is highly probative of the intended application of similar provisions of the ADEA—*i.e.*, section 7(c)(1). *Burns*, 696 F.2d at 23. When Congress enacts "a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the [administrative or judicial] interpretation given to the incorporated law." *Lorillard v. Pons*, 434 U.S. 575, 581, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978). Naturally, there is an even stronger presumption that Congress was aware of the recorded expressions of its own legislative intent. *Burns*, 696 F.2d at 23. In this case, the presumption is especially appropriate given Congress' detailed knowledge of the FLSA as exemplified by its selectivity in incorporating certain provisions. *Lorillard*, 434 U.S. at 581, 98 S.Ct. at 870; *Burns*, 696 F.2d at 23.[3]

Almost every court which has addressed this issue agrees that section 7(c)(1) does not terminate a private suit that is pending prior to the commencement of the EEOC action. *See EEOC v. Eastern Airlines, Inc.*, 736 F.2d 635, 640–41 (11th Cir.1984); *Burns*, 696 F.2d at 23–24; *Howard v. Daiichiya–Love's Bakery, Inc.*, 714 F.Supp. 1108, 1111 (D.Haw.1989); *Sheppard v. NBC*, 24 Fair Empl.Prac.Cas. (BNA) 945, 946 (S.D.N.Y.1980). The only court to reach the opposite conclusion, see *Jones v. City of Janesville*, 488 F.Supp. 795, 797 (W.D.Wis.1980), cited absolutely no authority for its position.

This court does not believe that Congress intended to terminate all private ADEA actions, no matter how close to resolution, upon the commencement of an EEOC enforcement action. Such a rule could very well impede an individual's ability to seek redress under the ADEA. Private counsel would be discouraged from accepting an ADEA case if, after expending a considerable amount of time and resources, the case could be preempted by a subsequent EEOC action. *Eastern Airlines*, 736 F.2d at 640. Counsel would have an even greater incentive to avoid cases involving egregious discriminatory conduct because such cases would tend to invite preemptive EEOC litigation. *Burns*, 696 F.2d at 24.

---

**2.** *See* 29 U.S.C. § 626(b) (the ADEA "shall be enforced in accordance with the powers, remedies, and procedures" of the FSLA).

**3.** The legislative history behind section 14 of the ADEA also provides insight into the intended application of section 7(c)(1). Section 14 provides that actions filed under the ADEA shall supersede age discrimination actions filed pursuant to state law. 29 U.S.C. § 633(a). The House Report accompanying section 633 states that the "commencement of an action under this act shall be a stay on any State action *previously* commenced." H.R.Rep. No. 805, 90th Cong., 1st Sess. 6, *reprinted in* 1967 U.S.Code Cong. & Admin.News 2213, 2219 (emphasis added). The lack of such a manifestation of intent with respect to section 7(c)(1) is evidence that an EEOC action does not supersede a previously-filed private suit. *Burns*, 696 F.2d at 23–24.

Defendants express great concern over the prospect of defending against both a private lawsuit and a separate EEOC action. Defendants argue that both actions cannot proceed without producing unnecessary duplication of effort. Although the threat of duplicative litigation is a valid concern, it is not, in and of itself, a sufficient reason to deny an aggrieved party the right to assert his claims through counsel of his own choosing. A private individual does not necessarily share common interests with the EEOC and, indeed, may wish to take a separate approach to the litigation. Ultimately, the court can minimize duplication by virtue of its authority to monitor and control the litigation. *Id.*

This court finds that section 7(c)(1) of the ADEA only precludes an individual from commencing a lawsuit after the EEOC has filed suit. There is simply no compelling authority which suggests that the statute can be logically extended to preclude a plaintiff from maintaining a previously-filed action. Therefore, Blumenthal's ADEA action remains viable at this time.

### B. Timeliness

Defendants argue that Blumenthal did not satisfy the filing requirements set forth in 29 U.S.C. § 626(d). Before commencing an ADEA action, an aggrieved party must file a charge of discrimination with the EEOC. The charge must be filed "within 300 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(2). Blumenthal filed an EEOC charge on August 5, 1988. Defendants contend that Blumenthal cannot recover for any discriminatory act occurring prior to October 9, 1987—more than 300 days prior to the filing of the charge.

■ Ordinarily, a plaintiff will not be able to assert an ADEA claim based on discriminatory acts occurring prior to the filing period. The plaintiff, however, can satisfy the filing prerequisite by establishing a "continuing violation." *See Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 120–21 (7th Cir.1982); *Bruno v. Western Elec. Co.*, 829 F.2d 957, 960 (10th Cir.1987); *see also EEOC v. Home Ins. Co.*, 553 F.Supp.

704, 713 (S.D.N.Y.1982) ("an employer that maintains a continuing violation neither deserves nor obtains repose"). A continuing violation can be established by showing either "a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period." *Valentino v. United States Postal Serv.*, 674 F.2d 56, 65 (D.C.Cir.1982) (quoting B. Schlei & P. Grossman, Employment Discrimination Law 232 (Supp.1979)). But if the defendant demonstrates that the alleged discriminatory policy was terminated prior to the statutory period, then the plaintiff's claim must be dismissed. *Bruno*, 829 F.2d at 961.

■ Defendants in this case argue that Blumenthal failed to allege that any discriminatory acts occurred within the statutory filing period. Despite defendants' position, Blumenthal has sufficiently alleged a continuing violation. Blumenthal asserted, in both the EEOC charge and the complaint, that defendants maintained a discriminatory pension and profit-sharing plan aimed at phasing out older employees as they approached seventy years of age. In support of his theory, Blumenthal alleges that in 1986, defendants began reducing his share of new sales accounts. According to Blumenthal, defendants' refusal to provide him with new accounts was part of an overall scheme to force him to retire. There is no evidence indicating that defendants discontinued or terminated this policy prior to October 9, 1987. In fact, GKG's president asked Blumenthal to retire on November 23, 1987—just one month before Blumenthal's seventieth birthday. Ten days after Blumenthal turned seventy years of age, he was terminated. Having alleged that defendants maintained a discriminatory retirement policy prior to and during the filing period, Blumenthal's claims will not be dismissed at this early stage of the litigation.

Defendants also argue that some of Blumenthal's claims are barred by the statute of limitations. An ADEA suit must be commenced within two years after the cause of action accrued. 29 U.S.C. § 626(e)(1) (incorporating 29 U.S.C.

§ 255(a)). A claim stemming from a willful violation may be commenced within three years after the cause of action accrued. *Id.* Defendants assert that because Blumenthal filed this action on November 22, 1989, any nonwillful violations that occurred prior to November 22, 1987, and any willful violations that occurred prior to November 22, 1986, are time-barred.

Regardless of whether the violations are characterized as willful or nonwillful, none of Blumenthal's claims are barred by the statute of limitations. As stated previously, Blumenthal has alleged that defendants' conduct constituted a continuing violation. Consequently, Blumenthal's claims will survive defendants' motion to dismiss if a discriminatory act occurred during the limitations period. *Stewart,* 679 F.2d at 121; *EEOC v. City of Chicago,* 1989 WL 134788, 51 Empl.Prac.Dec. (CCH) ¶ 39,421 (N.D.Ill.1989). Blumenthal was notified of his impending termination on November 23, 1987, and he was terminated one month later. These acts were taken in furtherance of the alleged discriminatory policy and clearly fall within the two-year statute of limitations.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied.

IT IS SO ORDERED.