Laura PEREZ, Plaintiff,

v.

HOSPITALITY VENTURES–DENVER LLC; James Bowie; and Howard Langdon, Defendants.

No. CIV.A. 01–K–2435.

United States District Court, D. Colorado.

Jan. 5, 2004.

William J. Martinez, McNamara & Martinez, LLP, Denver, CO, for Plaintiff.

John R. Paddock, Jr., Hale Hackstaff Friesen, LLP, Denver, CO, Mark A. Wielga, Jason Bryce Robinson, Temkin, Wielga & Hardt, L.L.P., Denver, CO, for Defendants.

## ORDER GRANTING MOTION TO DISMISS SECOND CLAIM FOR RELIEF

KANE, Senior District Judge.

This employment dispute is before me on Defendants' Motion to Dismiss Plaintiff's state law claim for retaliatory discharge in violation of public policy. Defendants assert Plaintiff is precluded as a matter of law from maintaining both her wrongful discharge claim as well as her primary claim for violation of the Family and Medical Leave Act of 1993 (the "FMLA"). Arguing that such a claim is

subsumed by the remedial scheme of the FMLA under the facts and circumstances of this case, Defendants move to dismiss Plaintiff's wrongful/retaliatory discharge claim for failure to state a claim under Fed.R.Civ.P. 12(b)(6). I grant the Motion.

I am persuaded by the reasoning in *Krauss v. Catholic Health Initiatives Mountain Region,* 66 P.3d 195, 203 (Colo. App.2003), that a plaintiff may not recover under Colorado law for a discharge alleged to violate public policy when that claim is premised on her pursuit of her rights under the FMLA. While in *Krauss* the Colorado Court of Appeals found no FMLA violation had occurred, it nevertheless determined that "[e]ven if [the] employer's discharge of employee violated the FMLA, *employee still would not be entitled to recovery on a public policy theory because the FMLA provides its own remedy for retaliatory discharge." Id.* at 195 (emphasis added). I find the analysis in *Krauss* sound, and its distinguishing of federal civil rights statutes that provide their own remedies for retaliatory discharge from those that merely provide for a cause of action persuasive. I note Chief Judge Babcock adopted this reasoning in *Armani v. Maxim Healthcare Servs., Inc.,* 53 F.Supp.2d 1120, 1132 (D.Colo.1999), where he ruled in an action brought under the similarly-structured Fair Labor Standards Act that with respect to a FLSA based claim of retaliatory discharge, Colorado law's "public policy exception is not available where, as here, the FLSA provides the employee with a remedy for retaliation." *Id.*

The FMLA's remedial scheme explicitly provides that any employer who discharges an employee in violation of its protections shall be liable to the wrongfully discharged employee for (1) compensatory damages; (2) liquidated damages; (3) prejudgment interest; (4) reasonable attorney fees; and (5) appropriate equitable relief. 29 U.S.C. § 2617(a)(1)—(b)(3). Accordingly, a claim brought exclusively under the FMLA would entitle Plaintiff, if successful, to the same compensation for lost wages/back pay and equitable relief including reinstatement to which she would be entitled on a claim for wrongful discharge under Colorado law.

Plaintiff argues the fact that Colorado law provides for an award of punitive damages in appropriate cases distinguishes the two remedial schemes and should support the assertion of an independent claim for wrongful discharge in this case. I disagree. In this regard I find instructive the Ohio Supreme Court's decision in *Wiles v. Medina Auto Parts,* 96 Ohio St.3d 240, 773 N.E.2d 526, 532 (2002)(providing a succinct and reasoned analysis of the FMLA's remedial scheme in light of Ohio's wrongful discharge jurisprudence). The touchstone in considering the argument put forward by Plaintiff is the nature of the wrong for which relief is sought: Where the only wrong alleged is the violation of the FMLA, there is no basis for augmenting a remedial scheme that fully compensates an employee for its violation. *See Wiles* at 532 ("there is no need to recognize a common-law action of wrongful discharge if there already exists a statutory remedy that adequately protects society's interests [as articulated by Congress]"). Rights granted solely by act of Congress may be remedied as Congress provides. By providing a multi-faceted recovery for violations of the rights granted under the FMLA, Congress has delineated the boundaries of the relief necessary to protect those rights. I agree with the Ohio Supreme Court's analysis in *Wiles* and find the Colorado Court of Appeals' reasoning in *Krauss* consistent with it. Plaintiff's Second Claim fails to state an independent claim for relief and is DISMISSED.

Defendants' Motion for Partial Summary Judgment, filed December 15, 2003 and directed at both Plaintiff's Second and Third Claims for Relief, shall be limited to Plaintiff's Third Claim for tortious interference with contract.