**Elaine BATACAN, Plaintiff,**

v.

**RELIANT PHARMACEUTICALS, Defendant.**

**No. CIV. 03–00578SPK/KSC.**

United States District Court, D. Hawai'i.

July 7, 2004.

Daphne Barbee, Honolulu, HI, for Plaintiff.

Malia Kakos, Marr Hipp Jones & Wang, Honolulu, HI, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT VI*

SAMUEL P. KING, District Judge.

OVERVIEW

In this pregnancy discrimination and Family and Medical Leave Act action, Defendant Reliant Pharmaceuticals ("Reliant") moves under Fed.R.Civ.P. 12(c) for judgment on the pleadings as to Count VI of Plaintiff Elaine Batacan's complaint filed on October 23, 2003. Count VI sounds in common law wrongful termination in violation of public policy—a state law supplemental claim. *See, e.g., Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625, 631 (1982) (recognizing an exception to employment at-will doctrine,

holding that an employer may be held liable in tort where discharge violates a clear mandate of public policy). Reliant contends that Count VI fails to state a claim because the alleged public policy at issue is embodied in federal and Hawaii statutes, which themselves provide sufficient remedies. *See, e.g., Ross v. Stouffer Hotel Co.*, 76 Hawai'i 454, 879 P.2d 1037, 1047 (1994) (barring *Parnar* claim "where the policy sought to be vindicated is already embodied in a statute providing its own remedy for its violation").

Reliant's position has merit; the Court dismisses Count VI. Even without a *Parnar* claim, the complaint will still contain counts for violations of the Federal Pregnancy Discrimination Act, Federal Family and Medical Leave Act, Hawaii unlawful discrimination statutes, and breach of contract.

### DISCUSSION

■ Although the merits are not at issue here, Plaintiff alleges that she was wrongfully terminated on October 16, 2002, after giving birth to a baby in August of 2002. She alleges she was on pregnancy/disability leave until September 20, 2002. The leave was extended to November 22, 2002, because of complications during childbirth. The Court assumes these allegations as true for purposes of a Rule 12(c) motion for judgment on the pleadings. *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir.1998). Plaintiff alleges violations of the federal Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) (Count I); state unlawful discrimination on the basis of sex, Haw.Rev.Stat. § 378–2 (Count II); the Family and Medical Leave Act, 29 U.S.C. §§ 2601–2654 (Counts III and IV); breach of contract (Count V); and termination in violation of public policy (Count VI). The instant motion concerns only Count VI.

■ Under Hawaii law, *Parnar* creates a common law cause of action for wrongful termination in violation of "public policy." Reliant, however, argues that Count VI fails to state such a claim because the alleged violation of public policy is embodied in the statutes comprising the other counts of the complaint. Those statutes themselves have adequate remedies for violations of the public policies they create (prohibitions against pregnancy discrimination and family medical leave). Under Hawaii law, courts do not recognize *Parnar* claims where—like here—the public policy at issue is contained in a statute, if that statutory scheme provides a remedy for violations of that policy. *See Ross*, 879 P.2d at 1047; *see also Takaki v. Allied Machinery Corp.*, 87 Hawai'i 57, 951 P.2d 507, 513 (1998) (barring public policy claim that was based upon terminating an employee solely because the employee suffered a work injury, because the policy was embodied in Haw.Rev.Stat. § 378–32 and a remedy was provided in Haw.Rev. Stat. § 378–35); *Lapinad v. Pac. Oldsmobile–GMC, Inc.*, 679 F.Supp. 991, 993 (D.Haw.1988) (barring public policy claim because the policy plaintiff sought to enforce was contained in Title VII of the Civil Rights Act); *Howard v. Daiichiya–Love's Bakery, Inc.*, 714 F.Supp. 1108, 1113 (D.Haw.1989) (barring public policy claim based upon policy in Age Discrimination in Employment Act or Haw.Rev.Stat. § 378–2); *Lui v.Intercontinental Hotels Corp.*, 634 F.Supp. 684 (D.Haw.1986) (barring public policy claim based upon Title VII and Haw.Rev.Stat. § 378–2).

■ Batacan argues that her complaint bases a public policy claim on the Family Medical Leave Act (not *only* the Pregnancy Discrimination Act or Haw.Rev.Stat. § 378–2 for sexual or gender discrimination). She attempts to limit *Ross* to a public policy based only in Haw.Rev.Stat.

§ 378–2. The Hawaii Supreme Court's reasoning in *Ross*, however, was not so limited. (Indeed, it is *Parnar* that has been interpreted to only apply to a "narrow class of cases." *See Lapinad*, 679 F.Supp. at 993.) Rather, in *Ross*, the Hawaii Supreme Court reasoned generally that "it is both unnecessary and unwise to permit a judicially created cause of action [such as a *Parnar* claim] ... to be maintained where the policy sought to be vindicated is already embodied in a statute providing its own remedy for its violation." *Ross*, 879 P.2d at 1047. And, as cited earlier, many cases have extended *Ross* to other contexts.

Batacan also points out (correctly) that no case applying Hawaii law has held that an FMLA-based public policy claim is barred. While this might be true, it does not diminish the force of Reliant's argument. It only means this is a case of first impression. Batacan looks to *Liu v. Amway Corp.*, 347 F.3d 1125 (9th Cir.2003), where the Ninth Circuit, applying California law, indeed found a California law public policy claim to stand where it was based, at least in part, upon the FMLA. *Id.* at 1137–38. *Liu* reasoned that an FMLA-based California law public policy claim could stand because California courts recognize a public policy cause of action based upon a violation of the California-law counterpart to the FMLA—the California Family Rights Act or CFRA. *Id.* (citing *Nelson v. United Technologies*, 74 Cal. App.4th 597, 612, 88 Cal.Rptr.2d 239 (1999)).

*Liu* does not help Batacan. California law and Hawaii law differ in their statements of a public policy claim. California law appears to be broader. The California Court of Appeals in *Nelson*, for example, allowed a public policy claim even though the CFRA provided additional remedies because it reasoned that the CFRA remedies were not exclusive. *Nelson*, 74 Cal.

App.4th at 611–12, 88 Cal.Rptr.2d 239. In *Ross*, in contrast, the Hawaii Supreme Court reasoned differently and held that it was not necessary (nor prudent) to allow a common-law cause of action "where the policy sought to be vindicated is already embodied in a statute providing its own remedy for its violation." *Ross*, 879 P.2d at 1047.

Moreover, other states have barred state-law public policy claims based upon a violation of the FMLA, reasoning that the FMLA provides a comprehensive remedial scheme. *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 773 N.E.2d 526, 533 (2002); *Krauss v. Catholic Health Initiatives*, 66 P.3d 195, 203 (Colo.Ct.App.2003). That is, the FMLA provides an adequate remedy for its violation; there is no requirement to create a common law state cause of action to vindicate the same policy. This reasoning applies here to bar a state-law *Parnar* claim based upon alleged violations of the FMLA. Among other remedies, the FMLA provides for compensatory and liquidated damages, as well as injunctive relief. 29 U.S.C. § 2617(a)(1). These are certainly adequate remedies for violations of a public policy expressed in the FMLA.

Finally, Batacan argues that if, later in the litigation, she loses her FMLA claim, then she will be left without a remedy. This argument fails, however, because it is circular. If (assuming arguendo) Batacan cannot prevail on an FMLA claim (i.e., if Reliant did not violate the FMLA), then Reliant necessarily would not have violated the public policy embodied within the FMLA. It would follow that a *Parnar* type claim would fail as well. As the Hawaii Supreme Court reasoned in *Ross*, courts should not provide additional common-law remedies beyond those provided by statute; doing so would go "beyond what the legislature [or Congress] itself thought was necessary to effectuate that public

policy." *Ross*, 879 P.2d at 1047. *See also Hampton v. Armand Corp.*, 364 N.J.Super. 194, 834 A.2d 1077, 1081 (2003).

## CONCLUSION

Count VI of Plaintiff's complaint fails to state a claim. There can be no statutorily-based *Parnar* common law claims where—as with the Pregnancy Discrimination and Family and Medical Leave Acts—those statutes themselves provide comprehensive remedial schemes to vindicate their public policies. The Court therefore GRANTS Defendant's Motion for Judgment on the Pleadings as to Count VI.

IT IS SO ORDERED.